John M. Naylor, Esq.
Nevada Bar No. 5435
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 383-8888
Fax: (702) 383-8845

Attorney for Defendant Mayer Amsel

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VIROPRO, INC., a Nevada Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAYER AMSEL, an individual, JERSEY )<br>TRANSFER AND TRUST CO., and DOES )<br>I through X, )<br>)<br>Defendants. )<br>) | CASE NO:<br><br>**DEFENDANT MAYER AMSEL'S NOTICE OF REMOVAL UNDER 28 U.S.C. SECTION 1441(B)**<br>**(FEDERAL QUESTION)** |

TO THE CLERK OF UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA:

PLEASE TAKE NOTICE that Defendant, MAYER AMSEL ("Amsel"), hereby removes to this Court the State Court Action described below.

1.     On September 22, 2006, an action was commenced in the Eighth Judicial District Court for the State of Nevada in and for the County of Clark, entitled *Viropro, Inc. v. Mayer Amsel, et al.,* Case No. A528650, assigned to Department XIII ("State Court Action"). A copy of the Complaint filed in the State Court Action is attached hereto as Exhibit A.

2.     Amsel was served with the State Court Action on October 11, 2006. A copy of the

LIONEL SAWYER<br>& COLLINS<br>ATTORNEYS AT LAW<br>700 BANK OF AMERICA PLAZA<br>300 SOUTH FOURTH ST.<br>LAS VEGAS,<br>NEVADA 89101<br>(702) 383-8888

1

process of service for the State Court Action is attached as Ex. B.

3.     In the State Court Action, Plaintiff Viropro, Inc. ("Viropro") requests that Defendants Amsel and Jersey Transfer and Trust Co. ("Jersey") be enjoined from transferring and removing the restrictive legend from a certificate of shares for Viropro stock. (Ex. A, p.4:2.)  The shares are registered in the name of Amsel, and Jersey is the transfer agent for Virorpo.

4.     The State Court Action is related to a case currently pending in United States District Court, District of Nevada. The name of that case is *4174551 Canada, Inc. v. Viropro, Inc.*, Case No. 2:06-cv-00739-RCJ-RJJ (the "Federal Court Action").  Viropro filed its answer and counterclaims on July 10, 2006, and a copy is attached as Ex. C.  Even though Viropro's filing was labeled "Answer and Counterlcaim," it also included a variety of claims against various third parties.  Several of these claims are against Amsel. (Ex. C, ¶¶ 126 - 152 (Sixth, Seventh, Eighth, Ninth, and Tenth Claims), and ¶¶ 161 - 166 (Twelfth Cause of Action).)  Viropro also asks for the exact same relief against Amsel that Viropro is seeking in the State Court Action, i.e., an injunction against Amsel. (Ex. C, pp. 23:26-8, 24:1.)

5.     The State Court Action does not set forth any specific claims underlying the request for an injunction. (See, Ex. A.)  Rather, the State Court Action refers to the Federal Court Action as containing the actual, underlying claims against Amsel.  (Ex. A, ¶¶ 8-10.)

6.     The State Court Action purports to state claims against unnamed, fictitious defendants identified as "DOES I through X."  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).

7.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441(b) in that at least one or more causes of action arise under the Federal Securities Laws, specifically, the Securities and Exchange Commissioner ("SEC") Rule 144.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2

8.      To the extent that the State Court Action includes claims over which this Court does not have original jurisdiction, removal is nevertheless proper because this Court has supplemental jurisdiction over the other claims because they relate to the claims arising under SEC Rule 144, and form part of the same case or controversy.

9.      Venue is appropriate in the United States District Court for the District of Nevada under 28 U.S.C. Sections 1391(b), 1441(b), and 1446(a) because the State Court Action was originally filed in the Eighth Judicial District Court for the State of Nevada, Clark County, and a substantial part of the events or omissions giving rise to the claims occurred in Clark County, Nevada, and the State Court Action could have originally and properly been filed in the Federal District Court, District of Nevada.

10.      Upon information and belief, Viropro claims that Jersey is Viropro's agent, and has directed Jersey, as Viropro's agent, to not consent to removal.  Jersey, however, is a nominal defendant, and its consent is unnecessary. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (2002).  Here, Jersey is a nominal party.  Viropro has not asserted any claims directly against Jersey in either the State Court Action or the Federal Court Action.  Viropro merely seeks to enjoin Jersey from acting out its duties as a transfer agent by preventing Jersey from removing the certificate's restrictive legend, and subsequently transferring the stock.  As a mere transfer agent with no claims directly against it, Jersey is a nominal party whose consent to removal is not required. *Fesch v. First City Bank of Dallas*, 637 F.Supp. 1530, 1537 (N.D.Tex. 1986) (finding that a transfer agent is a nominal party when plaintiff is only seeking an injunction).

11.      Jersey was also fraudulently named to prevent removal.  Fraudulently named parties are not required to consent to removal. *United Computer Systems, Inc.*, 298 F.3d at 762.  Viropro had no need to name Jersey in the State Court Action.  Amsel is in possession of the stock certificate at issue, and therefore an injunction need only apply to him.  In the State Court Action, Viropro is

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

3

suing Jersey, while claiming Jersey as Viropro's agent, and while directing Jersey's actions. Viropro only named Jersey so that Viropro could direct Jersey, and prevent Jersey's consent.

12.     A copy of this Notice of Removal is being filed shortly with the clerk of the Eighth Judicial District Court and served on all parties.

13.     Amsel respectfully requests that the removed case be consolidated with the Federal Court Action because both matters are based upon the facts, same witnesses, and same claims.

DATED this 26th day October, 2006.

LIONEL SAWYER & COLLINS

By:     _____/s/ John M. Naylor_____
John M. Naylor, Esq.
Nevada Bar No. 5435
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 383-8888
Fax: (702) 383-8845

Attorney for Defendant Mayer Amsel

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

# CERTIFICATE OF MAILING

I hereby certify that on the 26th  day of October 2006, I deposited a true and correct copy of the above and foregoing **DEFENDANT MAYER AMSEL'S NOTICE OF REMOVAL UNDER 28 U.S.C. SECTION 1441(B)(FEDERAL QUESTION)** in the United States Mail, postage prepaid at Las Vegas, Nevada, to the last known address(es) of:

Mr. Joshua L. Harmon
Harmon & Davies, P.C.
1428 South Jones Blvd.
Las Vegas, NV  89146

Jersey Transfer and Trust Co.
201 Bloomfield Ave.
P.O. Box 36
Verona, NJ  07044

___/s/ Sandy Jackson_____
An Employee of Lionel Sawyer & Collins

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

5

### AFFIDAVIT OF JOHN M. NAYLOR

1.      I am John M. Naylor, and I am the attorney for Mayer Amsel.  I make this affidavit from my personal knowledge, and I am competent to testify as to the matters contained herein, if called upon to do so.

2.      Attached as Exhibit A to Mr. Amsel's Notice of Removal is a true and correct copy of the complaint in *Viropro, Inc. v. Mayer Amsel*, District Court, Clark County, Nevada, Case No. A528650, which was obtained from the Clark County District Court's internet and electronic case filing system.

2.      Attached as Exhibit B to Mr. Amsel's Notice of Removal is a true and correct copy of the service of process for Mr. Amsel in *Viropro, Inc. v. Mayer Amsel*, District Court, Clark County, Nevada, Case No. A528650, which was obtained from the Clark County District Court's internet and electronic case filing system.

3.      Attached as Exhibit B to Mr. Amsel's Notice of Removal is a true and correct copy of Viropro, Inc.'s "Answer and Counterclaim" in *4174551 Canada, Inc. v. Viropro, Inc.*, United States District Court, District of Nevada, Case No. 2:06-cv-0073-RCJ-RJJ, which was obtained from the Court's PACER system.

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 26th day of October, 2006.

_____
John M. Naylor

SUBSCRIBED and SWORN to before
me on this 26 day of October, 2006

_____
Notary Public
Commission expires: 10-4-2009

SANDY JACKSON
Notary Public State of Nevada
No. 87-0815-1
My appt. exp. Oct. 4, 2009

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

# EXHIBIT A



**COMP**
JOSHUA L. HARMON, ESQ.
Nevada Bar No. 7004
HARMON & DAVIES, P.C.
1428 S. Jones Blvd.
Las Vegas, NV 89146
Phone: 702-733-0036
Fax: 702-733-1774
*Attorney for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

VIROPRO, INC., a Nevada corporation,

　　　　Plaintiff,

v

MAYER AMSEL, an individual, JERSEY
TRANSFER AND TRUST CO., and DOES
I through X,

　　　　Defendants.

CASE NO. *A 529650*
DEPT. *XIII*

**COMPLAINT**

　　　NOW COMES, Plaintiff, VIROPRO INC., a Nevada corporation, ("Plaintiff" or "Viropro"),
by and through the undersigned attorney, and hereby states its Complaint as follows:

　　　1.　　Plaintiff is a Nevada corporation whose principal office is in Quebec, Canada.

　　　2.　　On information and belief, Defendant, MAYER AMSEL ("Amsel") is a resident of
New York.

　　　3.　　On information and belief, Defendant, JERSEY TRANSFER AND TRUST CO.
is a corporation with its principal place of business in Verona, New Jersey.

　　　4.　　Pursuant to Nevada Rules of Civil Procedure , Rule 10(a) and *Nurenberger
Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true names and
capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as

1

1   DOES I through X, are unknown at the present time; however, it is alleged and upon information

2   and belief, that these Defendants were involved in the initiation, approval, support, or execution of

3   the wrongful acts upon which this litigation is premised, or of similar actions directed against

4   Plaintiff about which they are presently unaware  As the specific identity of these parties is revealed

5   through the course of discovery, the Plaintiff will ask leave of the Court to amend the Complaint

6   so that the DOE appellations will be replaced to identify these parties by their true names and

7   capacities.

8          5.       This case arises from the failure of Defendant, MAYER AMSEL ("Amsel") to

9   provide adequate consideration in exchange for stock of Viropro Inc., certificate no. 07061, which

10  includes a restrictive legend pursuant to SEC Rule 144.

11         6.       Amsel was issued 100,000 shares of restricted Viropro stock on September 27, 2005,

12  certificate no. 07061, by Viropro Inc.

13         7.       The consideration for these shares was to be services provided by Amsel for Viropro.

14         8.       There is no evidence that any services were provided by Amsel to Viropro, and

15  therefore, Amsel has not provided adequate consideration for these shares.  Viropro is a publicly

16  traded company listed on the Over the Counter Bulletin Board  At the time that the restricted shares

17  were issued to Amsel, September 27, 2005, Viropro traded at sixty-five cents ($0.65) per share.

18  Viropro is currently trading at sixty-five cents ($0.65) per share as of September 22, 2006

19         9.       There is a lawsuit pending in Federal Court against members of the former Board

20  of Directors of Viropro who issued shares of Viropro Inc. to Amsel and others without adequate

21  consideration.

22         10.      The pending lawsuit was also filed against Amsel and others who conspired with

23  those members of the former Board of Directors to obtain these shares for no consideration.

24         11      Amsel is now attempting to register the these shares for sale with the broker, Golden

25  Capital Securities Ltd. ("Golden Capital"), and has instructed the transfer agent, Defendant,

26  JERSEY TRANSFER AND TRUST CO. ("JTTC"), to transfer the shares for registration and sale

27  to Golden Capital without the restrictive legend.

28         12      Amsel claims that he has held  the shares for the one year holding period that is

2

1  required by SEC Rule 144, and he claims that he can now freely sell the shares because the
2  restrictive legend should be removed.

3      13.     Plaintiff instructed the transfer agent, JTTC, to stop the transfer of the shares for
4  registration and sale.

5      14.     JTTC informed Plaintiff that it would not stop the transfer without an immediate
6  injunction pursuant to NRS 104.8403.

7      15.     JTTC proceeded to prepare the transfer request to be submitted to Golden Capital
8  for transfer and registration of the shares to certificates without the Rule 144 restrictive legend.

9      16.     On or about September 20, 2006, Plaintiff provided JTTC with oral notice that it
10  would file for an injunction to stop the transfer and registration of the shares while the lawsuit
11  regarding the propriety of the issuance of the shares to Amsel and others was adjudicated.

12      17.     Amsel's failure to provide consideration for the issuance of the shares, and his
13  conspiracy with former Board members of Plaintiff to obtain the shares without consideration,
14  caused Plaintiff to suffer loss of income.

15      18.     Plaintiff made reasonable efforts to mitigate its damages.

16      19.     Any and all conditions precedent have been performed.

17      20.     It has been necessary for Plaintiff herein to retain the services of an attorney to
18          prosecute this action.

19
20
21
22
23
24
25
26
27
28

3

1    WHEREFORE, Plaintiff prays for judgment as follows:

2    A.    Injunctive Relief.

3    B.    General and Special damages against the Defendants for sums in excess of $10,000.

4    C.    Reasonable attorney's fees and costs of this action.

5    D.    Such other and further relief as the Court may deem necessary and proper in the

6    premises.

7    DATED this _22_ day of September, 2006.

8                 HARMON & DAVIES, P.C.

9

10                 By

11                 Joshua L. Harmon

                    Nevada Bar No. 7004

12                 1428 South Jones Boulevard

                    Las Vegas, NV 89146

13                 (702) 733-0036

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**ORDR**
JOSHUA L. HARMON, ESQ.
Nevada Bar No. 7004
HARMON & DAVIES, P.C.
1428 S. Jones Blvd
Las Vegas, NV 89146
Phone: 702-733-0036
Fax: 702-733-1774
*Attorney for Plaintiff*

**FILED**

Oct 5  10 00 AM '06

_Clerk of Ariziona_
CLE ··

## DISTRICT COURT

## CLARK COUNTY, NEVADA

VIROPRO, INC , a Nevada corporation,

Plaintiff,

v.

MAYER AMSEL, an individual, JERSEY
TRANSFER AND TRUST CO., and DOES
I through X,

Defendants

CASE NO.   A528650
DEPT. XIII

### ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW, Plaintiff, above-named, by and through its undersigned attorney, based on the Plaintiff's Motion for Temporary Restraining Order filed herein and the representations of the Plaintiff made by Affidavit for the hearing in this matter on the 2nd day of October, 2006, before the **Honorable Mark R. Denton**, therefore:

IT IS HEREBY ORDERED that Defendants, above-named, their officers, agents, transfer agents, brokers, employees, board members, and contractors shall not take any non-judicial actions to transfer for registration and sale as unrestricted shares the stock of Viropro Inc., certificate no. 07061, owned by Defendant, MAYER AMSEL, without further order of this court.

IT IS FURTHER ORDERED that a hearing on Plaintiff's Preliminary Injunction will be held on the 16th day of October, 2006, at _9:00_ a.m.

1

**CMC**

COUNTY CLERK
RECEIVED
OCT 0 5 2006

1       IT IS FURTHER ORDERED that this court has jurisdiction in this matter and that

2  the court issues a temporary restraining order enjoining Defendants from engaging in the actions

3  prohibited above because Plaintiff will have no way to recover the stock certificates after

4  registration of the shares without restriction for transfer and sale, and there was insufficient time

5  to notify Mayer Amsel.

6       IT IS FURTHER ORDERED that the Plaintiff deposit a bond in the amount of

7  $2,000.00 pursuant to NRCP, 65(c).

8       IT IS FURTHER ORDERED that this Order shall be effective upon Plaintiff's

9  posting of the bond above stated.

10       DATED this ___4__ day of October, 2006.

11

12

13

14                              DISTRICT COURT JUDGE

15

16  Submitted by:
    HARMON & DAVIES, P.C.

17

18

19  JOSHUA L. HARMON

20  Nevada Bar No. 7004
    Harmon & Davies, P.C.

21  1428 S. Jones Blvd.

22  Las Vegas, NV 89146
    Attorney for Plaintiff

23

24

25

26

27

28

ELECTRONICALLY FILED
09/26/2006 11:41:07 AM

*Shirley B Flanagan*
CLERK

1  AFF
2  JOSHUA L HARMON, ESQ.
   Nevada Bar No. 7004
3  HARMON & DAVIES, P.C
   1428 S. Jones Blvd.
4  Las Vegas, NV 89146
5  Phone: 702-733-0036
   Fax: 702-733-1774
6  *Attorney for Plaintiff*

7                     **DISTRICT COURT**

8                  **CLARK COUNTY, NEVADA**

9

10  VIROPRO, INC., a Nevada corporation,      CASE NO. _A528650_____
                                              DEPT. XIII
11  Plaintiff,

12  v.

13

14  MAYER AMSEL, an individual, JERSEY
    TRANSFER AND TRUST CO., and DOES
15  I through X,

16  Defendants.

17

18  **AFFIDAVIT OF PROSPER AZOULAY IN SUPPORT OF PLAINTIFF'S MOTION FOR**
19
            **TEMPORARY RESTRAINING ORDER**
20

21

22  STATE OF NEVADA        )

23                         )SS.

24  COUNTY OF CLARK        )

25      I, PROSPER AZOULAY, being duly sworn, deposes and says:

26      1    I am the Vice President of **VIROPRO, INC.** (hereinafter "Plaintiff " or

27          "Company"), an entity organized under the laws of the state of Nevada, with its

28          principal place of business in Quebec, Canada. I am authorized to act and make

                                    1

declarations on behalf of Plaintiff. I have personal knowledge of the following matters and believe the following assertions are true to the best of my knowledge and belief.

2. Viropro is a publicly traded company trading on the Over the Counter Bulletin Board.

3. At the time that the restricted shares were issued to Defendant, Mayer Amsel ("Amsel"), September 27, 2005, Viropro stock was trading at sixty-five cents ($0.65) per share. Viropro is currently trading at sixty-five cents ($0.65) per share as of September 22, 2006.

4. Amsel was issued 100,000 shares of Viropro stock on September 27, 2005, certificate no. 07061, by Viropro Inc.

5. Amsel failed to provide adequate consideration in exchange for the 100,000 shares of stock of Viropro Inc., certificate no. 07061, which stock contains a restrictive legend pursuant to SEC Rule 144.

6. The consideration for these shares was to be services provided by Amsel for Viropro. There is no evidence that any services were provided by Amsel to Viropro, and therefore, Amsel has not provided adequate consideration for these shares.

7. There is a lawsuit pending in Federal Court against members of the former Board of Directors of Viropro who issued shares of Viropro Inc. to Amsel and others without adequate consideration. The lawsuit is also against Amsel and others who conspired with those members of the former Board of Directors to obtain these shares for no consideration.

8. Amsel is now attempting to register the these shares for sale with Golden Capital Securities Ltd., and has instructed the transfer agent, Defendant, JERSEY TRANSFER AND TRUST CO. ("JTTC"), to transfer the shares to Golden Capital for registration and sale without the restrictive legend. Amsel claims that he has held the shares for the one year holding period as is required by SEC Rule 144, and he claims that he can now freely sell the shares.

2

registration and sale    JTTC informed Plaintiff that it would not stop the transfer
without an immediate injunction pursuant to NRS 104.8403.

10.    JTTC proceeded to prepare the transfer request to be submitted to Golden Capital for
transfer and registration of the shares to certificates without the Rule 144 restrictive
legend.

11.    As of the morning of the execution of this Affidavit, JTTC resigned as transfer agent
without providing notice or time for Plaintiff to locate and hire another transfer agent

12.    JTTC informed Plaintiff that the only way they would withdraw their resignation
would be upon receipt of a court order enjoining them from transferring the shares,
or upon permission from Plaintiff to transfer Amsel's shares for registration and sale

13.    Upon learning of JTTC's resignation, Amsel proceeded to contact all shareholders
to tell them that Plaintiff does not have a transfer agent in order to instill panic among
the shareholders and threaten delisting of the Company.

14.    Amsel is blackmailing the Plaintiff to force them to permit the transfer of Amsel's
shares for registration and sale in order for JTTC to withdraw their resignation

15.    Said injunction must be obtained immediately in order to obtain the withdrawal of
JTTC's resignation as Plaintiff's transfer agent, and preclude Amsel from further
blackmailing Plaintiff into allowing the transfer of his shares.

AND FURTHER AFFIANT SAYETH NAUGHT.



PROSPER AZOULAY, Vice President

of VIROPRO, INC.

Subscribed and sworn to before me

3

1  this $\underline{22}$ day of September, 2006,

2

3

4

5  *[signature: Claude Boulanger]*

6

7  Notary Public  Quebec Bar

8  #164017-8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# EXHIBIT B

**SUMM**
JOSHUA L. HARMON, ESQ.
Nevada Bar No. 7004
HARMON & DAVIES, P.C.
1428 South Jones Blvd.
Las Vegas, Nevada 89146
(702) 733-0036
*Attorneys for Plaintiff*

**ELECTRONICALLY FILED**
10/13/2006 01:50:12 PM

*Shirley B. Parraguirre*
CLERK

*ORIGINAL*

# District Court
## CLARK COUNTY, NEVADA

A528650

VIROPRO, INC., a Nevada corporation,

Plaintiff,

v.

MAYER AMSEL, an individual, JERSEY
TRANSFER AND TRUST CO., and DOES I
through X,

Defendants.

CASE NO. XIII
DEPT. _____

**NOTICE!  YOU MAY HAVE BEEN SUED, THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT, MAYER AMSEL:** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this summons is served on you, exclusive of the day of service, you must do the following:
   A. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   B. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgement against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivision, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

_____
(Signature)
Name: JOSHUA L. HARMON, ESQ.
Address: 1428 South Jones Blvd.
City/State/Zip: Las Vegas, NV 89146
Telephone: 702-733-0036
Attorney for: VIROPRO, INC.

SHIRLEY B. PARRAGUIRRE, CLERK OF COURT

SEP 2 2 2006

By: JOHN TAWNEY
Deputy Clerk                          Date

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV  89155

**SUMM**
JOSHUA L. HARMON, ESQ.
Nevada Bar No. 7004
HARMON & DAVIES, P.C.
1428 South Jones Blvd.
Las Vegas, Nevada 89146
(702) 733-0036
*Attorneys for Plaintiff*

# District Court
## CLARK COUNTY, NEVADA

A5 2 8 6 5 0

| | |
|---|---|
| VIROPRO, INC., a Nevada corporation, | CASE NO. |
| Plaintiff, | DEPT. XIII |
| v. | |
| MAYER AMSEL, an individual, JERSEY TRANSFER AND TRUST CO., and DOES I through X, | |
| Defendants. | |

**NOTICE!  YOU MAY HAVE BEEN SUED, THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT, MAYER AMSEL:** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

    1. If you intend to defend this lawsuit, within 20 days after this summons is served on you, exclusive of the day of service, you must do the following:
        A. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
        B. Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgement against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

    4. The State of Nevada, its political subdivision, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

_____
(Signature)
Name: JOSHUA L. HARMON, ESQ.
Address: 1428 South Jones Blvd.
City/State/Zip: Las Vegas, NV 89146
Telephone: 702-733-0036
Attorney for: VIROPRO, INC.

SHIRLEY B. PARRAGUIRRE, CLERK OF COURT

JOHN TAYLOR

By:_____
    Deputy Clerk        Date

SEP 22 2006

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV  89155

Page 3 of 4)

**STATE OF NEVADA**          CLARK COUNTY                    DISTRICT COURT
ATTORNEY(S):
   ADDRESS: , , PH#:

*VIROPRO, INC., A NEVADA CORPORATION,*

                                                            **AFFIDAVIT OF SERVICE**
                                                            INDEX #: A528650
vs                                    *Plaintiff(s)/Petitioner(s)*   FILED ON: September 22, 2006

*MAYER AMSEL, AN INDIVIDUAL, ET AL.*

                                      *Defendant(s)/Respondent(s)*

County of **SUFFOLK**     , State of    **New York**      I,   **RALPH GIUGLIANO**       being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age and resides in the State of _____ **New York** _____

On ____ **10/11/06** ____ at : **5:50 PM**
at **1941 NEW YORK AVENUE, BROOKLYN, NY 11210**
deponent served the within   **SUMMONS, COMPLAINT, MOTION FOR TEMPORARY RESTRAINING ORDER AND AFFIDAVIT**

bearing Index # **A528650** _____ and filed on **September 22, 2006** _____
ON: MAYER AMSEL
   INDIVIDUAL     by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person
   [ ]                described as said person therein.

   CORPORATION  A                                          , by delivering thereat a true copy of each to
   [ ]                                      personally, deponent knew said
                                                        described as the named defendant and knew
               so served to be the
               said individual to be the authorized agent thereof.

   SUITABLE AGE   by delivering a true copy of each to   **ABIGAIL AMSTEL-DAUGHTER**      a person of suitable age and discretion.
   PERSON         Said premises is recipient's  [ ] actual place of business  [X] dwelling house (usual place of abode) within the state.
   [X]            I asked the person spoken to whether the defendant actually resides/is employed at these premises and received
                  an affirmative reply.

   AFFIXING       by affixing a true copy of each to the door of said premises, which is recipient's  [ ] actual place of business
   TO             [ ] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient
   [ ]            or a person of suitable age and discretion, having called thereat
                  Day_____Date_____Time_____Day_____Date_____Time_____
                  Day_____Date_____Time_____Day_____Date_____Time_____
                  Verification:

   MAILING        Deponent's agent caused a copy of same to be enclosed in postpaid sealed wrapper properly addressed to recipient
   COPY           at the recipient's last known  [ ] residence  [ ] place of employment at:  **1941 NEW YORK AVENUE, BROOKLYN, NY 11210**
   [x]            and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of
                  the U. S. Postal Service within the State of  New York          on  **10/12/06**
                  [ ] The mailing was made by certified mail (Receipt No._____)
                  [ ] and with return receipt requested,     and/ X  or First Class Mail, marked personal and confidential.

   DESCRIPTION    A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
   [X]            Sex **FEM**  Race/skin **WHITE**  Color of hair **BROWN**  Approx. Age **20-25**     Approx. Height **5'6-5'7**
                  Approx. weight **165-175**  Other **GLASSES.**

   WITNESS FEES  $_____the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.
   [ ]
   PHOTO         Deponent was able to identify recipient from annexed photo.
   [ ]
   MILITARY      Deponent asked person spoken to whether the recipient was presently in military service of the United States
   SERVICE       Government or on active duty in the military service in the State of   New York                and was
   [X]           informed he/she was not.

Sworn to before me on this

17 day of _October_ 2006_        _____
_James Anthony Passarelli_                      RALPH GIUGLIANO

James Anthony Passarelli
Notary Public, State of New York
No. 01PA6661647
Qualified in Suffolk County
Commission Expires July, 14 2007

                        0798048
                   Process Server's Lic #

                                                    AZ
                                          Client Reference #:  VIROPRO
                                          Invoice/WorkOrderNu 9763527
                                          m

STATE OF NEVADA | CLARK COUNTY | DISTRICT COURT
ATTORNEY(S):
ADDRESS: , , PH#:

**VIROPRO, INC., A NEVADA CORPORATION,**

Plaintiff(s)/Petitioner(s)

vs.

**MAYER AMSEL, AN INDIVIDUAL, ET AL.**

Defendant(s)/Respondent(s)

**AFFIDAVIT OF SERVICE**
INDEX #: A528650
FILED ON: September 22, 2006

County of __SUFFOLK__ , State of __New York__ I, __RALPH GIUGLIANO__ being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of __New York__

On __10/11/06__ at __5:50 PM__
at __1841 NEW YORK AVENUE, BROOKLYN, NY 11210__
deponent served the within __NOTICE OF ENTRY OF ORDER & ORDER GRANTING MOTION FOR TEMPORARY__

bearing Index # __A528650__ and filed on __September 22, 2006__

ON: MAYER AMSEL

INDIVIDUAL [ ]   by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

CORPORATION A [ ]   , by delivering thereat a true copy of each to personally; deponent knew said described as the named defendant and knew so served to be the said individual to be the authorized agent thereof.

SUITABLE AGE PERSON [X]   by delivering a true copy of each to __ABIGAIL AMSTEL-DAUGHTER__ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [X]dwelling house (usual place of abode) within the state. I asked the person spoken to whether the defendant actually resides/is employed at these premises and received an affirmative reply.

AFFIXING TO [ ]   by affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
Day_____Date_____Time_____Day_____Date_____Time_____
Day_____Date_____Time_____Day_____Date_____Time_____
Verification:

MAILING COPY [x]   Deponent's agent caused a copy of same to be enclosed in postpaid sealed wrapper properly addressed to recipient at the recipient's last known [ ] residence [ ] place of employment at: __1841 NEW YORK AVENUE, BROOKLYN, NY 11210__ and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of the U. S. Postal Service within the State of New York on __10/12/06__
[ ]The mailing was made by certified mail (Receipt No._____)
[ ] and with return receipt requested, and/ X First Class Mail, marked personal and confidential.

DESCRIPTION [X]   A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex_FEM_ Race/skin _WHITE_ Color of hair _BROWN_ Approx. Age _20-25_ Approx. Height _6'5-5'7_
Approx. weight __165-175__ Other __GLASSES.__

WITNESS FEES [ ]   $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

PHOTO [ ]   Deponent was able to identify recipient from annexed photo.

MILITARY SERVICE [X]   Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed he/she was not.

Sworn to before me on this

__12__ day of __October 2006__

_James Anthony Passarelli_

**RALPH GIUGLIANO**

James Anthony Passarelli
Notary Public, State of New York
No. 01PA6061667
Qualified in Suffolk County
Commission Expires July, 16 2027

__0798048__
Process Server's Lic #

AZ
Client Reference #: VIROPRO
InvoiceWorkOrderNu 9764024 m