1
2
3
4
5
6          UNITED STATES DISTRICT COURT

7          DISTRICT OF NEVADA

8          * * * * *

9   VIROPRO, INC., a Nevada Corporation,        )
                                                 )
10                  Plaintiff,                    )          02:06-cv-01367-LRH (GWF)
                                                 )
11  v.                                           )
                                                 )          <u>ORDER</u>
12  MAYER AMSEL, an individual, JERSEY          )
    TRANSFER AND TRUST CO., and DOES I          )
13  through X,                                   )
                                                 )
14                  Defendants.                  )
    _____ )
15

16          Presently before this court is Plaintiff Viropro, Inc.'s motion for sanctions based on

17  Defendant Mayer Amsel's improper removal of the underlying matter to federal court (#10[1]).

18  Defendant has filed an opposition (#13).  No reply has been filed.

19          The court previously remanded this case to state court for lack of subject matter

20  jurisdiction pursuant to 28 U.S.C. § 1447(c).  Under that statute an "order remanding the case

21  may require payment of just costs and any actual expenses, including attorney fees, incurred as a

22  result of the removal."  28 U.S.C. § 1447(c).  The United States Supreme Court has held that

23  "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where

24  the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v.*

25  *Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711 (2005).  However, "district courts

26  retain discretion to consider whether unusual circumstances warrant a departure from the rule in

27  a given case."  *Id.*  Such unusual circumstances include delay in seeking remand or failure to

28
    _____

          [1] References to (#XX) refer to the court's docket.

1   disclose facts necessary to determine jurisdiction.  *Id.*

2   In this case, the court first notes that there was no objectively reasonable basis for

3   removal.  Looking at the claims brought, there were no grounds to suggest diversity jurisdiction,

4   as existed in *Martin*, and there were no federal questions presented in the claims.  Rather, as

5   Defendant admitted, removal occurred because of the existence of a separate case which had

6   already been filed by Defendant in federal court.  It was Defendant's belief that the claims

7   brought in the state court case were mirror images of the federal claims and should therefore be

8   removed to federal court so they could be consolidated with the already pending matter.

9   The court notes that while this argument explains Defendant's actions, it does not

10   demonstrate an objective basis for removal.  In *Martin*, the Supreme Court found an objective

11   basis for removal when diversity jurisdiction appeared appropriate but there could be no

12   definitive determination of the amount in controversy requirement.  *Id.* at 708-09.  Looking at the

13   state court proceedings, there are no objective factors present which would suggest removal

14   would be appropriate.  Rather, Defendant subjectively believed that the state case should be

15   consolidated with the federal case already pending.  Defendant thus removed for the purpose of

16   facilitating the consolidation believing that subject matter would be present because of the

17   interplay between the two cases.  Accordingly, as no objective factors are present, the court may

18   award fees unless unusual circumstances exist.

19   Upon review, however, it appears to the court that there exist such unusual circumstances

20   as to justify the court in denying fees for improper removal.  The court notes that Plaintiff

21   proceeded, upon removal, as if removal had been proper.  Accordingly, Plaintiff began preparing

22   for a hearing on the temporary restraining order that had been entered in state court and was set

23   to expire shortly before the case was removed.  At no time did Plaintiff attempt to have the case

24   remanded based on a lack of jurisdiction.  In fact, jurisdiction was raised only by the court *sua*

25   *sponte*.

26   Further, upon argument regarding the court's subject matter jurisdiction Plaintiff

27   appeared to have expected jurisdiction to be valid.  All these events are understandable given that

28   much of the state law claims were related to the federal case already proceeding.  However, given

2

1    that the court raised the issue of jurisdiction *sua sponte* and Plaintiff was not required to invest

2    substantial amounts of time or briefing to discover and cure the improper removal to federal

3    court, the court concludes that this is one of those cases where unusual circumstances make an

4    award of fees for improper removal inappropriate.  *See id.* at 711 (noting that a Plaintiff's delay

5    in seeking remand could constitute unusual circumstances).  Further, given the reasonable

6    subjective beliefs for removal argued by Defendant, the court concludes that it is not against the

7    purposes behind 28 U.S.C. § 1447(c) to deny a fee award in this instance.  *See id.* (noting the

8    desire of the statute was to deter removals sought for the purpose of prolonging litigation and

9    imposing costs on the opposing party while at the same time protecting a party's right to

10   remove).

11          It is therefore ORDERED that Plaintiff's motion for sanctions (#10) is DENIED.

12          DATED this 4th day of January, 2007.

13

14

15                                               _____

16                                               LARRY R. HICKS
                                                 UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

3